## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01597-WJM-NYW

GERRY TRACY,

    Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC.,

    Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Suncor Energy (U.S.A.) Inc.'s Partially Unopposed Motion to Maintain Level 1 Restriction for Certain Exhibits and Accompanying Discussion in its Motion for Summary Judgment (the "Motion" or "Motion to Restrict") [Doc. 44, filed October 8, 2021]. This court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 4, 2020, [Doc. 5], and the Memorandum dated October 12, 2021 [Doc. 45]. On October 12, 2021, Plaintiff Gerry Tracy ("Plaintiff" or "Mr. Tracy") filed a response in opposition to the Motion. [Doc. 46]. Defendant Suncor Energy (U.S.A.) Inc. ("Defendant" or "Suncor") replied on October 26, 2021. [Doc. 53].

    "'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to

restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient, as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Moreover, Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

Suncor seeks Level 1 Restriction of its Motion for Summary Judgment [Doc. 42] as well as 24 Exhibits to the Motion for Summary Judgment: Exhibit A, [Doc. 43-1], as well as 13 sub-exhibits to Exhibit A, *see* [Doc. 43-2 to Doc. 43-14]; Exhibit B [Doc. 43-15], as well as one sub-exhibit to Exhibit B, *see* [Doc. 43-16]; Exhibit C [Doc. 43-17]; Exhibit D [Doc. 43-18]; Exhibit E [Doc. 43-19]; Exhibit F [Doc. 43-20]; Exhibit G [Doc. 43-21]; Exhibit H [Doc. 43-22]; Exhibit I [Doc. 43-23]; and Exhibit N [Doc. 43-28]. *See* [Doc. 44 at 1].[1] Defendant's conferral statement represents that "Plaintiff opposes Level 1 restriction of any text in Suncor's Motion [for Summary Judgment] or deposition exhibits." [*Id.*]. Indeed, Plaintiff responds in opposition to the Motion to Restrict that he "does not object to maintaining restrictions on the documentary evidence attached to the Motion for Summary Judgment that were labeled 'Confidential' during discovery,"[2] but asserts that "any request to limit access to the deposition transcripts, the information in the deposition transcripts, or the actual text of the Motion for Summary Judgment is unsupported and improper." [Doc. 46 at 7]. Even though Plaintiff does not oppose all of Defendant's requests for

---

[1] Although Defendant filed Exhibits J, K, L, M, and O under Level 1 Restriction, *see* [Doc. 43-24; Doc. 43-25; Doc. 43-26; Doc. 43-27; Doc. 43-29], Defendant states that it does not seek restriction of these Exhibits. *See* [Doc. 44 at 1 n.1]. Accordingly, the Clerk of Court is **DIRECTED** to **UNRESTRICT** these documents.

[2] However, neither Party specifically identifies the documents for which Plaintiff does or does not oppose restriction. *See* [Doc. 44; Doc. 46]. Nevertheless, the court must review Defendant's request in light of each document for which restriction is requested, and the court proceeds in doing so here.

restriction, the court must nevertheless review each document for which Defendant seeks restriction and determine whether Defendant has met its burden with respect to each document. *See All Plastic, Inc. v. Samdan LLC*, No. 20-cv-01318-NYW, 2021 WL 2954769, at *1 (D. Colo. May 5, 2021) ("[S]tipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction.") (citing D.C.COLO.LCivR 7.2).

At the outset, the court is disinclined to restrict briefing filed by parties or the documents upon which the briefing substantially relies. As the Tenth Circuit has noted, "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief." *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (unpublished); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quotation omitted). Indeed,

> [t]he wholesale restriction of an entire set of moving papers deprives the public of *any* understanding of the relief being requested in the motion and the grounds stated therefor. Without any access whatsoever to the moving papers, the public is utterly deprived of its important right to review the materials considered by the Court and independently evaluate the soundness of the Court's decision.

*W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013) (emphasis in original). This is particularly true where the potentially confidential matters "comprise only a relatively small portion of the materials in question and are easily addressed by simple solutions such as redaction or substitution." *Id.* "Concealment of documents that were specifically considered by the Court serves to conceal the judicial process from public view, creating 'secret court proceedings [that] are anathema to a free society.'" *Bragg v. Sw. Health Sys., Inc.*, No. 18-cv-00763-MSK-NRN, 2020 WL 813797, at *3 (D. Colo. Feb. 19, 2020) (quoting *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996) (alteration marks in original)).

***Motion for Summary Judgment***. First, Defendant seeks Level 1 Restriction of its Motion for Summary Judgment insofar as it contains "accompanying discussion of [certain] exhibits." [Doc. 44 at 2].[3] Suncor asserts that these portions of the Motion for Summary Judgment include "private, confidential, and/or proprietary information related to current and former third-party employees." [*Id.* at 3]. It argues that Level 1 Restriction is necessary to protect that information, and further contends that less restrictive measures, such as redaction, would be impracticable "because redaction would prevent the Court from meaningful review of key facts in support of Suncor's Motion for Summary Judgment." [*Id.* at 2]. The court respectfully disagrees with Defendant. As a practical matter, the court cannot partially restrict certain portions of a document; in practice, Defendant requests wholesale restriction of the Motion for Summary Judgment. But although Defendant argues that redaction would prevent the court from fully considering the Motion for Summary Judgment, Defendant could have filed a restricted, unredacted copy of its Motion for Summary Judgment as well as an unrestricted version which redacts the limited paragraphs which Defendant seeks to protect, which would provide more transparency and public

---

[3] Specifically, Defendant seeks restriction of "pages 7-8, ¶¶ 13-21; 12-13, ¶¶ 46-54; 14-15, ¶¶ 66-75; 18-23, ¶¶ 92-122; 24, ¶¶ 128-129; 29-30; 35-38." [Doc. 44 at 2 n.2].

3

access to the Motion for Summary Judgment than what Defendant currently proposes. *See, e.g.*, *Ubel v. Progressive Direct Ins. Co.*, No. 20-cv-00204-RM-NYW, 2020 WL 9432906, at *2 (D. Colo. Sept. 10, 2020) (granting motion to restrict where the "Parties request[ed that [a response] be maintained under Level 1 Restriction and [sought] leave to file a redacted version of the Response on the public docket.").[4]

Moreover, although Defendant seeks to restrict its Motion for Summary Judgment in its entirety, it filed the Motion for Summary Judgment unrestricted on the public docket. [Doc. 42]. Under this District's Local Rules, "[a] document subject to a motion to restrict shall be filed as a restricted document." D.C.COLO.LCivR 7.2(e). Because Defendant failed to avail itself of the protections provided by the Local Rules, "any claim to confidentiality has been waived." *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016). "[H]owever confidential [a document] may have been beforehand, subsequent to publication it was confidential no longer." *Gunn v. WCA Logistics, LLC*, No. 13-CV-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) (quoting *Gambale*, 377 F.3d at 144).

"Matters already made public will not be sealed after the fact absent extraordinary circumstances," *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020) (quotation omitted), and the court cannot conclude that such extraordinary circumstances exist here.[5] Although "[t]he presumption of public

---

[4] Because Defendant seeks restriction of the entirety of its Motion for Summary Judgment and the vast majority of the exhibits thereto, the court is respectfully not persuaded by Defendant's argument that "[t]he public may appropriately ascertain the nature of the proceedings, arguments, and judicial decisions pertaining to Plaintiff's case without information pertaining to the specifics of the scrap-for-cash scheme." *See* [Doc. 53 at 7]. Restricting the public's access to such volume of information would undoubtedly deprive the public the opportunity to review the court's ruling on the Motion for Summary Judgment. *See W. Convenience Stores*, 970 F. Supp. 2d at 1192.

[5] Plaintiff argues that Defendant waived any public restriction to the deposition transcripts by not designating them under the Protective Order. [Doc. 46 at 5-6]. To the extent that Defendant interprets this court's decision in the *All Plastic* case to suggest that designating and maintaining documents as Confidential under the Protective Order is not a consideration when the court evaluates whether to restrict information from the public docket, *see* [Doc. 53 at 2], such interpretation is misplaced. The underlying issue this court considered in *All Plastic* was whether the defendant's designation of sales documents as "Attorney's Eyes Only" versus "Confidential" under the Protective Order was permissible, and this court merely observed that even if the defendant had improperly over-designated documents as "Attorney's Eyes Only" under the Protective Order, such over-designation would not automatically lead to the denial of a motion to restrict if the documents were otherwise properly restricted under the legal authority. *See All Plastic, Inc. v. SamDan LLC*, No. 20-cv-01318-NYW, 2021 WL 2954739, at *3 (D. Colo. Jan. 12, 2021). Ultimately, this issue is non-determinative, because "pretrial depositions and interrogatories are not public components of a civil trial," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984), and the public does not have the right to be present at such preliminary proceedings. *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia*, No. 11-cv-02560-MSK-MEH, 2012 WL 3472281, at *1 (D. Colo. Aug. 13, 2012) (quoting *Kimberlin v. Quinlan*, 145 F.R.D. 1, 2 (D.D.C.

access recognizes content-based exceptions, such as the privacy interests of participants and third parties," *Stroup v. United Airlines, Inc.*, No. 15-cv-01389-WYD-CBS, 2016 WL 7176717, at *8 (D. Colo. Sept. 16, 2016), and although Suncor argues that, in its Motion for Summary Judgment, it submitted "private, confidential, and/or proprietary information" concerning disciplinary information related to current and former non-party employees, [Doc. 44 at 3], the court has reviewed the paragraphs sought restricted by Defendant and finds that many do not include information that could be deemed confidential or proprietary. *See, e.g.*, [Doc. 42 at ¶ 17 ("Mr. Henderson was Plaintiff's direct report at this time."); *id.* at ¶ 107 ("Sam Cooper was previously a Manager of Maintenance from approximately September 2016 through May 2018.")].

Moreover, while Defendant argues that "[t]he names, job titles, [and] union affiliation . . . all represent private information of current and former Suncor employees," [Doc. 44 at 5], the court respectfully disagrees that this is "private information" that cannot be disclosed to the public. Indeed,

> common experience is that most people do not adequately protect from disclosure their birth dates, home addresses or telephone numbers, e-mail addresses, or drivers' license numbers so as to reasonably call them private or confidential. Instead, that information is regularly disclosed to friends, relatives, vendors, credit card companies, schools, children's sports teams, on hotel registers, and the like.

*Est. of Rice v. City and County of Denver*, No. 07-cv-01571-MSK-BNB, 2008 WL 2228702, at *4 (D. Colo. May 27, 2008). The court finds that this same rationale applies to a person's place of employment, job title, or union affiliation; absent any showing that the non-party maintains this information as "private or confidential," *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012), the court cannot conclude that this information is particularly private or sensitive so as to overcome the presumption of public access to the courts and to warrant restriction of the entire Motion for Summary Judgment.

To the extent that Suncor argues that the Motion for Summary Judgment contains disciplinary information which, if disclosed, could embarrass non-party employees, the court acknowledges that non-party employees have a privacy interest in keeping their employment files private. *See, e.g.*, *Ubel*, 2020 WL 9432906, at *3 (citing cases). However, these employees' disciplinary records are undoubtedly relevant to this case, wherein Mr. Tracy argues that, although Suncor asserts that he was terminated due to his participation in a "scrap metal for cash" scheme, he was actually terminated because of his age, as "other, younger employees, including younger employees in similarly situated positions as Mr. Tracy, culpable to various degrees in misuse of funds from scrap sales," were not terminated. [Doc. 1 at ¶¶ 1-2, 51-52]. "Although the Court agrees that employees—particularly non-party employees—have privacy interests in not having their disciplinary records or union affiliations unduly exposed to public scrutiny, the Court cannot say that those privacy interests trump the strong public interest at play here." *Cillo v. City of Greenwood Vill.*, 900 F. Supp. 2d 1181, 1201 (D. Colo. 2012), *rev'd on other grounds*, 739 F.3d 451 (10th Cir. 2013); *cf. EEOC v. Columbine Health Sys., Inc.*, No. 15-cv-01597-MSK-CBS, 2017

---

1992)). Thus, this court does not consider the failure to designate the deposition transcripts under the Protective Order as a public disclosure.

WL 4163354, at *14 (D. Colo. Sept. 19, 2017) (finding that, where information related to non-parties' placement on performance improvement plan was relevant to the parties' dispute, restriction was not warranted, but ordering the plaintiff to file a redacted version omitting parties' names, as the names were not material to the dispute).[6] Indeed, some of the names of the individuals allegedly involved in the cash-for-scrap scheme are identified, by name, in the Complaint. [Doc. 1 at ¶¶ 26-48].

"[A]lthough the Court finds it unfortunate that non-parties' names get dragged into the litigation, it is an unavoidable consequence of a public judicial system." *Cillo*, 900 F. Supp. 2d at 1201 (explaining that the public has a right to "be able to independently assess the propriety of the Court's decision). Because summary judgment papers should not be restricted "absent the most compelling reasons," *Gambale*, 377 F.3d at 140, and because the information contained in the Motion for Summary Judgment is highly relevant to this case, the court finds that the public interest in access to the courts outweighs any privacy interests here. The court will **DENY** the Motion insofar as it seeks restriction of Defendant's Motion for Summary Judgment.

In addition to its Motion for Summary Judgment, Suncor seeks complete restriction of 10 Exhibits, as well as 14 sub-exhibits of those Exhibits. [Doc. 44 at 1]. The court addresses these documents in turn.

*Declarations*. Suncor seeks to restrict the declarations of John Lipka ("Mr. Lipka"), [Doc. 43-1], and Donald Austin ("Mr. Austin"), [Doc. 43-15], as well as Mr. Lipka's curriculum vitae. [Doc. 43-2]. Defendant argues that Mr. Lipka's declaration "contain[s] private and confidential information related to employees who are not parties to this action, and proprietary information regarding jobs, positions, and operations within Suncor's [Commerce City Refinery ('CCR')], which is a Department of Homeland Security 'critical infrastructure' site." [Doc. 44 at 4].[7] Suncor states that these documents must stay restricted because "Suncor must be able to maintain

---

[6] Insofar as Defendant argues in its Reply that Plaintiff has "fail[ed] to indicate why the presumption of public access outweighs the reputational harm to current or former employees if information about their involvement in the cash-for-scrap scheme or resulting discipline is made public," [Doc. 53 at 5], it is not Plaintiff's burden to establish why restriction is not necessary; rather, Defendant bears the high burden of demonstrating that restriction is warranted here. *See* D.C.COLOLCivR. 7.2(c); *see also XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYW, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015) ("[D]ocuments filed with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief.").

[7] To the extent Suncor asserts for the first time in its Reply that "the public revelation of such information creates a national security concern given the CCR's designation as a 'critical infrastructure site,'" [Doc. 53 at 5], "[a]rguments raised for the first time in a reply brief are generally forfeited." *WildEarth Guardians v. U.S. Bureau of Land Mgmt*., 322 F. Supp. 3d 1134, 1146 (D. Colo. 2018). Moreover, Suncor does not explain why information related to "Suncor's refinery options, refinery processes, maintenance processes, [or the] investigation of the use of funds at Suncor's [CCR site]" would amount to a "national security concern" simply because the site is a "critical infrastructure" site. *See generally* [Doc. 53]. The court is thus not persuaded by this argument.

confidentiality of its investigations to encourage open cooperation from employees." [*Id.*]. Finally, Suncor argues that Mr. Austin's disciplinary decisions are "private, confidential information" and asserts that "[p]ublic disclosure of this information would reveal embarrassing and confidential information related to employees who are not parties" to this case. [*Id.* at 5].

First, with respect to Mr. Lipka's declaration and curriculum vitae, the court notes that although Defendant asserts that public access to the declaration would reveal "proprietary information regarding jobs, positions, and operations within Suncor's CCR," [Doc. 44 at 4], Defendant has cited no specific language in this declaration that would reveal such information, which hinders this court's ability to meaningfully analyze the merits of Defendant's Motion. *See generally* [*id.*]. The court has reviewed Mr. Lipka's declaration; although that the declaration discusses Suncor's investigation of the cash-for-scrap scheme, the court cannot conclude that it obviously reveals any proprietary or confidential information about Suncor so as to run the risk of harming Suncor's business standing. The court is thus not persuaded by Defendant's argument.

However, Mr. Lipka's declaration and his curriculum vitae do set forth Mr. Lipka's experience working with the Federal Bureau of Investigation, including his involvement with certain government investigations; although the documents contain little detail, the court recognizes that even undetailed information could run the risk of revealing the government's sensitive information. The court finds that redaction of these documents is appropriate, given the amount of information in these documents that do not appear to pose such risks. Accordingly, the while the court **DENIES** the Motion to Restrict with respect to these documents, the court **ORDERS** Suncor to file a redacted version of Mr. Lipka's declaration and curriculum vitae on or before **November 10, 2021**, <u>redacting only confidential information related to Mr. Lipka's governmental investigations</u>.

As to Mr. Austin's declaration [Doc. 43-15], the court is respectfully not persuaded by Defendant's argument. As this court has explained, while the non-party employees have an interest in keeping their disciplinary records private, this interest does not outweigh the public's interest in access to judicial proceedings and transparency in the courts. *Cillo*, 900 F. Supp. 2d at 1201. The court has reviewed Mr. Austin's declaration and finds that the information therein is undoubtedly relevant to this case. As such, the court finds that public disclosure of this document is imperative to ensure the public's right to assess the presiding judge's ultimate decision on the Motion for Summary Judgment. *See id.* Accordingly, the court will **DENY** the Motion to Restrict insofar as it seeks to restrict [Doc. 43-15].

***Internal Investigation Documents***. In addition, Suncor seeks Level 1 Restriction of the following documents: Exhibit A-2[8] [Doc. 43-3]; Exhibit A-3 [Doc. 43-4]; Exhibit A-4 [Doc. 43-5]; Exhibit A-5 [Doc. 43-6]; Exhibit A-6 [Doc. 43-7]; Exhibit A-7 [Doc. 43-8]; Exhibit A-8 [Doc. 43-9]; Exhibit A-9 [Doc. 43-10]; Exhibit A-10 [Doc. 43-11]; Exhibit A-11 [Doc. 43-12]; Exhibit A-12 [Doc. 43-13]; Exhibit A-13 [Doc. 43-14]; Exhibit B-1 [Doc. 43-16].

---

[8] The court refers to the numeral sub-exhibits to Defendant's Exhibits A and B in the following format: "Exhibit A-2" refers to sub-exhibit 2 to Exhibit A.

Each of these documents is related to Suncor's internal investigation related to the scrap-for-cash scheme. The documents contain, for example, Suncor's investigative plans, means and methods of investigation, and recommendations for next investigative steps. Suncor asserts that these exhibits "contain . . . proprietary information regarding jobs, positions, and operations within Suncor's CCR" as well as private information about employees, such as their "names, job titles, union affiliation, involvement in the scrap-for-cash scheme, and subsequent discipline." [Doc. 44 at 4-5]. For these reasons, Suncor argues that these documents must be restricted. *See generally* [*id.*].

As a preliminary matter, the court notes that the internal investigation documents contain notations that the documents are privileged and/or are attorney work product. *See, e.g.*, [Doc. 43-3 at 1 ("Privileged and Confidential")]; *see also* [Doc. 43-4 at 1 ("Attorney-Client Privileged Communication; Attorney Work Product; Confidential") (emphasis omitted)]. However, Suncor does not argue that the internal investigation documents are actually covered by any privilege or that they constitute attorney work-product, nor does Suncor seek restriction of these documents on this basis. *See* [Doc. 44].[9] Because the burden of establishing privilege is on the party asserting that privilege, *Zander v. Craig Hosp.*, 267 F.R.D. 653, 658 (D. Colo. 2010), and because Suncor makes no attempt to meet that burden, the court does not find that restriction on this basis is appropriate.

Exhibit A-2 is an inter-office memo titled "Investigative Plan – Suncor" which apparently sets forth Suncor's investigative plan with respect to the scrap-for-cash scheme. [Doc. 43-3]. Although Suncor asserts that the investigative documents generally reveal Suncor's internal operations, Suncor has identified nothing specific within this document that is proprietary or confidential. *See generally* [Doc. 44]. Upon review of the document, the court cannot conclude that the document contains such confidential information; rather, it appears to simply set forth a business's approach to investigating misconduct by its employees, which Suncor does not argue is proprietary or otherwise unique to Suncor or that its disclosure will harm Suncor. Moreover, Suncor does not adequately explain why, if this document does contain such information, this three-page document cannot be redacted. *See generally* [*id.*]. Accordingly, the Motion to Restrict is **DENIED** with respect to [Doc. 43-3].

Exhibits A-3, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-11, A-12, A-13, and B-1 are EthicsPoint Reports to an Investigation Committee ("Investigation Reports"). *See* [Doc. 43-4; Doc. 43-5; Doc. 43-6; Doc. 43-7; Doc. 43-8; Doc. 43-9; Doc. 43-10; Doc. 43-11; Doc. 43-12; Doc. 43-13; Doc. 43-14; Doc. 43-16]. Although unclear, it appears that Suncor seeks restriction of these Investigation Reports on the bases that they reveal Suncor's proprietary information concerning its internal operations and investigations and because they reveal private information about non-party Suncor employees. [Doc. 44 at 4-5]. Suncor asserts that it "must be able to maintain confidentiality of its investigations to encourage open cooperation from employees." [*Id.* at 4].

---

[9] While Suncor suggests that these Documents are subject to the Protective Order in this case, *see* [Doc. 44 at 2], the existence of a protective order, alone, is insufficient to warrant restriction of documents. *JetAway*, 754 F.3d at 826-27; D.C.COLO.LCivR 7.2.

The court finds that Suncor's internal investigations leading to Mr. Tracy's termination are undoubtedly relevant in this employment-discrimination matter. *Cillo*, 900 F. Supp. 2d at 1201. The court has reviewed the Investigation Reports and concludes that there is no doubt that Suncor intended to maintain such reports as confidential. The Investigation Reports contain notes related to Suncor's investigation of employees and their involvement in the scrap-for-cash scheme, *see, e.g.*, [Doc. 43-4], and notes from Suncor's employee investigative interviews, *see, e.g.*, [Doc. 43-5; Doc. 43-16]. Some Investigation Reports appear to reference certain internal Suncor policies or codes of conduct, *see, e.g.*, [Doc. 43-11 at 9; Doc. 43-12 at 3; Doc. 43-13 at 1; Doc. 43-16 at 1, 5]. This court is persuaded that the entirety of the Investigation Reports should be restricted at this juncture, **with an important caveat**.

Suncor relies on specific information from these Investigation Reports in its publicly filed Motion for Summary Judgment. *See, e.g.*, [Doc. 42 at ¶¶ 46-49, 86, 107-13]. In addition, while the court is mindful that the Investigation Reports reveal the names of employees under investigation, *see, e.g.*, [Doc. 43-14 at 1], the court has already determined that Suncor's investigation and discipline of non-party comparator employees is relevant to this matter—indeed, lies at the core of Suncor's defense. And to the extent that Suncor urges the court to rely on information from the Investigation Reports to rule in its favor, such facts are not appropriately restricted from the public record. *Lucero*, 495 F. App'x at 913.

For this reason, the court does not find that the wholesale restriction of the Investigation Reports is warranted, and the Motion to Restrict is **DENIED** insofar as it seeks wholesale restriction of the information contained in these documents. *See Dryden v. City of Hays, Kan.*, No. 11-1354-KHV, 2012 WL 966170, at *1 (D. Kan. Mar. 21, 2012) ("Here, the information sought to be filed under seal—the investigative report into the incidents that purportedly led to Plaintiff's termination and Plaintiff's prior discipline reports—is central to the issues presented by Defendant's motion for summary judgment. And Defendants have failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access."). However, the court will maintain the underlying Investigative Reports as Level 1 restricted, but will not require the restriction of the Motion for Summary Judgment or any related briefing, and to the extent that the Parties rely upon the Investigation Reports, the Parties are required to file redacted versions of the Investigation Reports that permit public inspections of the portions of the Reports that are relied upon in the briefing on the Motion for Summary Judgment no later than **November 10, 2021**. If no such redactions are filed, this court will direct the Clerk of the Court to unrestrict the Investigation Reports at that time.

***Deposition Testimony***. Suncor next seeks restriction of the following deposition transcripts: Exhibit C (the deposition of Plaintiff) [Doc. 43-17]; Exhibit D (the deposition of Anthony Canton) [Doc. 43-18]; Exhibit E (the deposition of Perry Herrick) [Doc. 43-19]; Exhibit F (the deposition of Donald Austin) [Doc. 43-20]; Ex. G (the deposition of Jennifer Schaefer) [Doc. 43-21]; Exhibit H (the deposition of Jim Henderson) [Doc. 43-22]. Suncor asserts that publication of these transcripts would cause Suncor to "los[e] competitive advantage or proprietary operational information" because the testimony "reflects both [Suncor's] investigation and privacy concerns . . ., as well as details about Suncor employee work operations, business interactions between various third-party recyclers, and other confidential and proprietary processes" at Suncor's facilities and "details of Suncor's proprietary refinery operations." [Doc. 44 at 5].

However, Suncor cites to no specific passages in these deposition transcripts, which amount to over 380 pages of testimony, that purportedly include such confidential or proprietary information, and thus has not adequately "articulate[d] a real and substantial interest that justifies depriving the public of access to documents that inform the court's decision-making process." *Slivka*, 390 F. Supp. 3d at 1288 (first bracket added; internal quotations and second bracket omitted). The court is "under no obligation to undertake an independent review of the documents to determine whether any of the now-restricted documents should be maintained as such." *Meeker v. Life Care Centers of Am., Inc.*, No. 14-cv-02101-WYD-NYW, 2015 WL 7882695, at *8 (D. Colo. Dec. 4, 2015), *aff'd*, 2016 WL 11693704 (D. Colo. Feb. 1, 2016); *see also Cypress Advisors, Inc. v. Davis*, No. 17-cv-01219-MSK-KLM, 2019 WL 7290948, at *9 (D. Colo. Aug. 28, 2019) (denying motion to restrict in its entirety where the motion "[did] not identify any specific portions of the 84-page report that disclosed '[the movant's] most sensitive, private, and confidential financial and business information'"). The court declines to sift through the over 380 pages of submitted deposition testimony to ascertain whether any of these transcripts might contain "details about Suncor employee work operations, business interactions between various third-party recyclers, and other confidential and proprietary processes at Suncor's CCR." *Schlecht v. Lockheed Martin Corp.*, No. 11-cv-03072-RM-BNB, 2014 WL 4819006, at *2 n.1 (D. Colo. Sept. 29, 2014) ("It is not the Court's obligation to identify factual support or construct legal arguments for" a moving party.).[10]

Moreover, for the reasons set forth above, the court is respectfully not persuaded by Suncor's argument that redaction of these documents is not appropriate "because redaction would prevent the Court from reviewing key facts . . . that are critical to Suncor's [Motion for Summary Judgment." [Doc. 44 at 6]. Suncor could file redacted versions of these deposition transcripts which protect the purportedly proprietary information without wholesale restricting these numerous documents, much of which appear to contain non-confidential information. *See, e.g.*, [Doc. 43-17 at 25:1-40:25 (Mr. Tracy describing generally his employment at Suncor)]. And insofar as the transcripts may reveal private employee information, the court does not find that the employees' private interest in keeping such information private outweighs the strong public interest in open access to the courts, for the reasons set forth above.

As a result, the Motion to Restrict is **DENIED** as to the deposition transcripts. Should Suncor seek to redact the deposition transcripts to protect its <u>specifically identified confidential or sensitive information</u>, it file a renewed motion to restrict these documents, with specific citations to the transcripts, as well as redacted versions of the transcripts, on or before **November 10, 2021**. If such documents are not filed, the depositions will be unrestricted.

---

[10] In its Reply, Suncor asserts generally that the depositions may contain information related to "Suncor's refinery operations, refinery processes, maintenance processes, and an extensive investigation of the use of funds." [Doc. 53 at 4]. Setting aside the fact that this information was not included in the Motion to Restrict, *WildEarth Guardians*, 322 F. Supp. 3d at 1146, such an explanation is still not sufficient to justify the wholesale restriction of Defendant's deposition exhibits, as Defendant has yet to cite to any specific portions of the depositions which contain such information.

***Emails***. Finally, Suncor seeks to restrict emails between Suncor employees (Exhibit I) [Doc. 43-23] as well as what appears to be an email from Mr. Tracy to Suncor employees concerning his termination (Exhibit N). [Doc. 43-28].

The only justification Suncor asserts for restricting these documents is that they "ha[ve] previously been marked 'Confidential' pursuant to . . . the Protective Order previously entered by [the] Court." [Doc. 44 at 2]. But "stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction." *All Plastic*, 2021 WL 2954769, at *1. Moreover, Suncor has not adequately explained why these short documents cannot be filed on the public docket with redactions. *See* [Doc. 44].

Regardless, the court does not find that restriction (or redaction) of these documents is necessary here. Exhibit I contains emails between Suncor employees discussing the origins and nature of the scrap-for-cash scheme, as well as what appears to be Suncor's initial steps taken to address the scheme. *See* [Doc. 43-23]. The court has reviewed the emails and, absent any specific argument from Suncor explaining what about these emails is confidential, cannot conclude that they contain any proprietary or confidential information of Suncor, such as pricing information, internal operations or practices, or marketing strategies. *See, e.g., All Plastic, Inc. v. Samdan LLC*, No. 20-cv-01318-NYW, 2021 WL 2954740, at *5 (D. Colo. Apr. 6, 2021). With respect to Exhibit N, the court cannot conclude that the email contains proprietary or confidential information of Suncor. In the email, Mr. Tracy informs his colleagues that he has been terminated, defends his innocence, and briefly discusses the continuation of his healthcare. *See* [Doc. 43-28]. Suncor does not assert in the Motion to Restrict that any of this information is subject to any sort of confidentiality agreement between Mr. Tracy and Suncor or otherwise explain why this email contains confidential or proprietary information. *See* [Doc. 44].

Insofar as Defendant's argument can be construed as an assertion that the list of Suncor employee names in the "To:" email field would reveal private information in the forms of employee names or employment status, the fact that these individuals work or worked for Suncor is not a private matter. *Cf. Est. of Rice*, 2008 WL 2228702, at *4. Any non-party employee's interest in not having their name mention in a court document is outweighed by the strong public interest in public access to the courts. *Cillo*, 900 F. Supp. 2d at 1201. The court thus finds that restriction of [Doc. 43-23] and [Doc. 43-28] is not necessary. The Motion to Restrict these documents is **DENIED**.

For these reasons, **IT IS ORDERED** that:

(1) Defendant Suncor Energy (U.S.A.) Inc.'s Partially Unopposed Motion to Maintain Level 1 Restriction for Certain Exhibits and Accompanying Discussion in its Motion for Summary Judgment is **DENIED**;

(2) The Clerk of Court is **DIRECTED** to **MAINTAIN** a Level 1 Restriction for [Doc. 43-1; Doc. 43-2; Doc. 43-4; Doc. 43-5; Doc. 43-6; Doc. 43-7; Doc. 43-8; Doc. 43-9; Doc. 43-10; Doc. 43-11; Doc. 43-12; Doc. 43-13; Doc. 43-14; Doc. 43-16; Doc. 43-17; Doc. 43-18; Doc. 43-19; Doc. 43-20; Doc. 43-21; Doc. 43-22] until further order of the court;

11

(3) Suncor **SHALL FILE** a redacted version of Mr. Lipka's declaration and curriculum vitae and Investigation Reports on or before **November 10, 2021**;

(4) Suncor **IS PERMITTED** to file any renewed motion to restrict with respect to the deposition transcripts and only insofar as it seeks protection of proprietary or confidential business information, on or before **November 10, 2021**;

(5) The Parties **ARE PERMITTED** to file redacted versions of the Investigation Reports that permit public inspections of the portions of the Reports that are relied upon in the briefing on the Motion for Summary Judgment on or before **November 10, 2021;**

(6) The Clerk of the Court is **DIRECTED** to **UNRESTRICT** [Doc. 43; Doc. 43-3; Doc. 43-15; Doc. 43-23; Doc. 43-24; Doc. 43-25; Doc. 43-26; Doc. 43-27; Doc. 43-28; Doc. 43-29].

DATED: November 4, 2021