IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-01597-NYW-MEH

GERRY TRACY,

      Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC.,

      Defendant.

---

## FINAL JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1

## GENERAL FINAL INSTRUCTIONS

Now that you have heard the evidence and the parties' arguments, it is your duty to find the facts from all of the evidence in the case. And to those facts, you must apply and follow the laws contained in these instructions, whether you agree with them or not. If there is any difference between the law stated by the lawyers and the law in these instructions, you are governed by my instructions. You must follow all of these instructions and not single out some and ignore others; they are all equally important. The decision you reach by applying the law in these instructions to the facts as you find them is called a verdict.

You must not read into these instructions, or into anything I say or do, any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, bias, or public opinion. It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the parties, any witnesses, and the lawyers should play no part in the exercise of your judgment. All parties expect that you will carefully consider all the evidence, follow the law in these instructions, and reach a just verdict, regardless of the consequences. You have taken an oath promising to do so.

## INSTRUCTION NO. 2

## STIPULATED FACTS

You have heard me say that the parties have stipulated to certain facts. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you must accept this fact as true.

In this case, the parties have agreed that the following facts are true:

1.   Mr. Tracy was terminated from his employment at Suncor's CCR facility on November 28, 2018.

2.   The final decisionmaker for Mr. Tracy's termination of employment was Donald Austin.

**INSTRUCTION NO. 3**

**BURDEN OF PROOF**

In a civil action such as this one, Mr. Tracy has the burden to prove every essential element of his claim by a preponderance of the evidence. If Mr. Tracy should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Suncor as to that claim.

A "preponderance of the evidence" means evidence which as a whole shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## INSTRUCTION NO. 5

## INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**INSTRUCTION NO. 6**

**USE OF DEPOSITION AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

# INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**INSTRUCTION NO. 8**

**IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## INSTRUCTION NO. 9

## ORAL STATEMENT OR ADMISSIONS

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

## INSTRUCTION NO. 10

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTION NO. 11

## NO REQUIREMENT TO PRODUCE ALL WITNESSES OR EXHIBITS

The law does not require any party to call as a witness every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 12**

**REDACTIONS**

Some of the exhibits in this case have been partially "redacted." That means that certain words in a document, or parts of a document, have been blacked or whited out and may be stamped "redacted." Redactions are used for a wide variety of reasons, such as protecting confidential or proprietary information about a business, to protect the private information of individuals, or to comply with legal requirements.

A redacted document should be given no more or less weight than any other evidence simply because it contains redactions. In addition, you should not draw an adverse inference because a document contains redactions. The words which have been redacted are not necessary for you to decide the issues in this case.

# INSTRUCTION NO. 13

## AGE DISCRIMINATION IN EMPLOYMENT ACT

## NATURE OF THE ACTION – DISPARATE TREATMENT

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is 40 years of age or older.

Only employers may be held liable under the ADEA. Therefore, Mr. Tracy's age discrimination claim is only against Suncor and not against any individual person.

Mr. Tracy claims Suncor discriminated against him by terminating his employment because of his age. Suncor denies that it did so.

**INSTRUCTION NO. 14**

**ADEA – ELEMENTS**

In order for Mr. Tracy to prevail on his claim against Suncor for age discrimination in employment, he must prove the following three essential elements by a preponderance of the evidence:

First: That Mr. Tracy was 40 years of age or older;

Second: That Mr. Tracy was discharged by Suncor; and

Third: That Suncor would not have discharged Mr. Tracy but for his age.

The mere fact that Mr. Tracy is 40 years of age or older and was terminated is not sufficient, in and of itself, to establish Mr. Tracy's claim.

## INSTRUCTION NO. 15

### CORRELATED WITH AGE

There is no discrimination under the ADEA when the factor motivating the employer is some feature other than the employee's age. This is true even if the motivating factor may be correlated with age, such as the employee's rate of compensation.

## INSTRUCTION NO. 16

## SIMILARLY SITUATED – DEFINED

Mr. Tracy claims that Suncor treated him differently than it treated other employees.  Under the law, in order to consider Suncor's treatment of Mr. Tracy compared to Suncor's treatment of other employees, you must first determine that:

1.      Mr. Tracy and the other employees are "similarly situated"; and

2.      Mr. Tracy and the other employees violated work rules of comparable seriousness.

To be "similarly situated," Mr. Tracy must prove by a preponderance of the evidence that he and the other employees had the same supervisor or decision-maker and were subject to the same standards governing performance and discipline.  In determining whether Mr. Tracy and the other employees are similarly situated, you may also compare their job responsibilities and work history.

If you find that Mr. Tracy has proven that there are other employees who are similarly situated to him and who violated work rules of comparable seriousness, then when determining whether Suncor discriminated against Mr. Tracy, you may consider whether the employees engaged in different degrees of misconduct.   You may also consider Suncor's treatment of similarly situated employees as compared to Mr. Tracy.

## INSTRUCTION NO. 17

## PRETEXT

Mr. Tracy claims that Suncor's stated reasons for its adverse employment action are not the true reasons, but instead are a pretext (an excuse) to cover up for age discrimination. If you do not believe one or more of the reasons Suncor offered for its adverse employment action, then you may, but are not required to, infer that Suncor's decision was because of Mr. Tracy's age. Mr. Tracy need not disprove every reason stated by Suncor to prove pretext. Mr. Tracy, however, has the ultimate burden of proving that Suncor intentionally discriminated against him because of his age.

Mr. Tracy may show that Suncor's stated reasons for its decision are pretextual (not the true reason) in any of several ways.    Some examples of ways in which you may determine that Suncor's stated reasons are pretext are:

- Evidence that any one of Suncor's stated reasons for the decision are false, contradictory, or implausible; or

- Evidence that Suncor acted contrary to a written or unwritten company policy or an established company practice when it took action against Mr. Tracy; or

- Evidence that Suncor did not uniformly enforce its own rules; or

- Evidence that Suncor otherwise exhibited disturbing procedural irregularities in dealing with Mr. Tracy.

## INSTRUCTION NO. 18

### GOOD JUDGMENT NOT REQUIRED

In reaching your verdict on Mr. Tracy's claim of age discrimination, the law requires only that an employer's managerial personnel not discriminate against an employee based on age.   The law does not require an employer's managerial personnel to use good judgment, to make correct decisions, or even to treat its employees fairly.   Therefore, in deciding Mr. Tracy's discrimination claim, it is not your function to second-guess Suncor's business decision or question whether the decision was wise, fair, or even correct.  Instead, your function is to decide whether Mr. Tracy's employment would not have been terminated but for his age.

## INSTRUCTION NO. 19

## GOOD-FAITH RELIANCE ON INVESTIGATION

In assessing whether Suncor discriminated against Mr. Tracy on the basis of his age, you may consider whether Suncor relied in good faith on the findings of the investigators, so long as the investigators' findings were not made for the purpose of discriminating against Mr. Tracy on the basis of his age. If Suncor honestly believed and acted on the investigations' findings in good faith, it is not evidence of age discrimination that the investigations' conclusions were wrong, and it is not evidence of age discrimination that Suncor came to the wrong conclusion in bad faith in order to discriminate against Mr. Tracy. This is because the law prohibits intentional discrimination but does not prohibit employers from making good-faith mistakes.

## INSTRUCTION NO. 20

## DIRECT EVIDENCE OF INTENT NOT REQUIRED

Mr. Tracy must show that Suncor intentionally discriminated against him.  Mr. Tracy, however, is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts.

## INSTRUCTION NO. 21

## CONSIDERATION OF THE EVIDENCE—CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

## INSTRUCTION NO. 22

## DAMAGES

If you find that Suncor unlawfully discriminated against Mr. Tracy on the basis of his age, then you must determine the amount of damages that Mr. Tracy has sustained, if any.

You are to award Mr. Tracy an amount equal to the pay Mr. Tracy would have received from Suncor had Mr. Tracy not been discharged, from the time that Mr. Tracy was discharged until the date of trial.

You should deduct from this sum whatever wages Mr. Tracy has obtained from other employment during this period.

Damages should not and may not be awarded for any emotional upset, pain and suffering, or any similar such effects; such damages are not recoverable under the ADEA.   Further, you are instructed that the fact that Mr. Tracy may or may not have suffered such emotional effects has no bearing on whether Suncor violated the ADEA.

## INSTRUCTION NO. 23

## LIQUIDATED DAMAGES

If you find that Mr. Tracy was discriminated against by Suncor on the basis of age, then you must decide whether Suncor's conduct was willful. If you find that Suncor's violation of the ADEA was willful, the court will award Mr. Tracy money damages in addition to the back pay that you have awarded.

**INSTRUCTION NO. 24**

**WILLFUL CONDUCT**

If Suncor knew its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If Suncor did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

To find willfulness, Mr. Tracy must prove by a preponderance of the evidence that Suncor either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

# INSTRUCTION NO. 25

## MITIGATION OF DAMAGES

Mr. Tracy must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Suncor must prove by a preponderance of the evidence that Mr. Tracy failed to mitigate his damages for loss of compensation.

If you determine Mr. Tracy is entitled to lost compensation, you must reduce the loss by:

1. What Mr. Tracy earned, and

2. What Mr. Tracy could have earned by reasonable effort during the period from his discharge until the date of trial.

Mr. Tracy must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

A. The type of work,

B. The hours worked,

C. The compensation,

D. The job security,

E. The working conditions, and

F. Other conditions of employment.

You must decide whether Mr. Tracy acted reasonably in not seeking or accepting a particular job. If you determine Mr. Tracy did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from his failure to do so. You must not compensate Mr. Tracy for any portion of his loss of compensation resulting from his failure to make reasonable efforts to reduce his loss of compensation.

## INSTRUCTION NO. 26

## EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Mr. Tracy from a preponderance of the evidence in the case in accordance with the other instructions.

## INSTRUCTION NO. 27

## JURY PROCEDURES

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign, and date it. The other jury members will also sign the form. The foreperson will then advise the Court Security Officer by note that you have reached a verdict and are ready to return to the courtroom.

**INSTRUCTION NO. 28**

**VERDICT FORMS – JURY'S RESPONSIBILITY**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

### INSTRUCTION NO. 29

### COMMUNICATIONS TO THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note to the Court Security Officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

From the oath about to be taken by the Court Security Officer, you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.